■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS HERNANDEZ, Appellant. [669 NYS2d 570] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered January 17, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and fourth degrees and two counts of criminally using drug paraphernalia in the second degree, and sentencing him to concurrent terms of 15 years to life, 1 to 3 years, and two prison terms of 6 months, respectively, unanimously affirmed. Order, same court and Justice, entered on or about August 26, 1996, which denied defendant's motion brought pursuant to CPL 440.10 for an order vacating the judgment of conviction, unanimously affirmed.

We find that defendant received effective assistance of

counsel. The court properly rejected his postconviction motion alleging ineffective assistance of counsel based on the decision by his trial counsel to withdraw a speedy trial motion, since defendant has failed to demonstrate that this motion, had it been considered, would have been successful (*see, People v Hobot*, 84 NY2d 1021; *People v Robideau*, 133 AD2d 903, *lv denied* 71 NY2d 902). The court's findings of excludability are amply supported by the totality of the record, including the parties' submissions, and no evidentiary hearing was necessary (*see, People v Satterfield*, 66 NY2d 796).

Defendant failed to preserve his claim that the People presented excessive, unnecessary and prejudicial background and expert testimony on the methods of operation of drug sellers and we decline to review this claim in the interest of justice. Were we to review this claim, we would find the challenged testimony was necessary to clarify issues beyond the ken of the ordinary juror (*see, People v Taylor*, 75 NY2d 277, 288; *People v Santiago*, 243 AD2d 328; *People v Kelsey*, 194 AD2d 248).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility were properly presented to the jurors, who saw and heard the witnesses (*People v Gaimari*, 176 NY 84, 94) and we see no reason to disturb their determination. Since there was ample evidence supporting a constructive possession theory (*see, People v Bundy*, 90 NY2d 918), that theory was properly submitted to the jury.

We have considered defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.