[847 NE2d 367, 814 NYS2d 70]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAT-
THEW WALDRON, Appellant.

Argued January 12, 2006; decided February 14, 2006

464

**POINTS OF COUNSEL**

*McNamee, Lochner, Titus & Williams, P.C.,* Albany (*David J. Wukitsch* of counsel), for appellant. I. Matthew Waldron's statutory and constitutional speedy trial rights were violated. (*Klopfer v North Carolina,* 386 US 213; *People v Prosser,* 309 NY 353; *People v Cortes,* 80 NY2d 201; *People v Berkowitz,* 50 NY2d 333; *People v Soluri,* 300 AD2d 988; *People v Coxon,* 242 AD2d 962; *People v Correa,* 77 NY2d 930; *People v Liotta,* 79 NY2d 841; *People v Hamilton,* 46 NY2d 932; *People v Collins,* 82 NY2d 177.) II. Matthew Waldron was denied effective assistance of counsel when his trial counsel failed to object to the prosecutor's highly prejudicial opening statement and summation. (*People v Ellis,* 81 NY2d 854; *People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137; *People v Kurtz,* 51 NY2d 380; *People v Benham,* 160 NY 402; *People v Levine,* 297 NY 144; *People v Bennett,* 29 NY2d 462; *People v Ashwal,* 39 NY2d 105; *People v Mayrant,* 43 NY2d 236; *People v Russell,* 307 AD2d 385.)

*John H. Crandall, Sr., District Attorney,* Herkimer (*Jeffrey S. Carpenter* of counsel), for respondent. I. Matthew Waldron's statutory and constitutional speedy trial rights were not violated. (*People v Hudson,* 167 AD2d 950; *People v Sharpe,* 115 AD2d 996; *People v Jenkins,* 302 AD2d 978; *People v Chevalier,* 226 AD2d 925; *People v Liotta,* 79 NY2d 841; *People v Smith,* 82 NY2d 676; *People v Cortes,* 80 NY2d 201; *People v Trepasso,* 197 AD2d 891; *People v Rodriguez,* 50 NY2d 553; *People v Taranov-*

*ich,* 37 NY2d 442.) II. Matthew Waldron was not denied effective assistance of counsel when his trial counsel failed to object to the prosecutor's opening statement and summation. (*People v Baldi,* 54 NY2d 137; *People v Garcia,* 75 NY2d 973; *People v Rivera,* 71 NY2d 705; *People v Kurtz,* 51 NY2d 380; *People v Dennee,* 291 AD2d 888; *People v Troy,* 209 AD2d 943; *People v Greene,* 151 AD2d 1033; *People v Cardenas,* 191 AD2d 231; *People v Powers,* 262 AD2d 713; *People v Ford,* 86 NY2d 397.)

### OPINION OF THE COURT

G.B. Smith, J.

The issue in this case is whether a preindictment delay from July 11, 2000 to November 30, 2000 was properly excluded from time charged against the People when defense counsel engaged in plea negotiations during that period and sent a letter expressly waiving defendant's speedy trial rights. We conclude that defendant waived his statutory speedy trial rights and that his constitutional speedy trial rights were not violated. The order of the Appellate Division should, therefore, be affirmed.

Defendant Matthew Waldron was arrested in the Village of Herkimer on January 23, 2000 after police obtained surveillance evidence showing he had engaged in several obscene acts with children. On February 1, 2000, the Herkimer Village Court ordered a psychiatric and competency exam pursuant to article 730 of the Criminal Procedure Law. The report was filed February 24, 2000.

On March 20, 2000, defendant's assigned counsel was replaced by retained counsel, George Aney, who soon thereafter initiated negotiations with the prosecutor. At the outset, the District Attorney, Michael Daley, told Aney that if the children had to testify at a grand jury proceeding, the minimum offer would be a 20-year determinate sentence. According to Aney, he then began a deliberate strategy of delay, hoping that the District Attorney's offer would improve with time, a tactic that Aney communicated to his client. Aney later testified that "[o]n more than one occasion," he had conversations with District Attorney Daley indicating that he wished to waive the statutory time period in order to reserve the possibility of negotiating a better sentence for his client. In a letter dated July 11, 2000, Aney wrote to the District Attorney:

"In connection with the above captioned matter, I have been meeting with the defendant and his

father for the past few months regarding a possible disposition of this case without the necessity of requiring the children to testify before the Grand Jury. . . .

"In light of these undertakings, I would request, therefore, on behalf of the defendant who joins in this request, that we schedule a dispositional hearing date on or before September 15, 2000, and the defendant does hereby waive any speedy trial or other rights that he may have by your concurring with this request."

Between July and November, Daley and Aney spoke frequently and, eventually, the District Attorney reduced the offer by eight years.

Defendant Waldron, nevertheless, sought and paid for the legal advice of another inmate, and on November 30, 2000, filed a pro se speedy trial motion and discharged Aney. In his pro se motion, he contended that he had been in custody 317 days without the commencement of a trial, in violation of CPL 30.30 (1) (a).[1] Defendant was indicted on December 14, 2000 and arraigned on December 20, 2000, at which time the prosecutor announced his readiness for trial. The Herkimer County Court conducted a hearing on February 28, 2001 pursuant to the pro se CPL 30.30 motion. At the hearing, defendant contradicted Aney's claims that he knew of the intentional delay strategy. The court denied defendant's speedy trial motion.

On July 12, 2001, following a jury trial, defendant was convicted of sodomy in the first degree (three counts) (Penal Law former § 130.50 [3]), use of a child in a sexual performance (Penal Law § 263.05), promoting an obscene sexual performance by a child (Penal Law § 263.10) and possessing an obscene sexual performance by a child (Penal Law § 263.11). On August 30, 2001, he was sentenced to 17 years for each count of sodomy, with sentences to run consecutively. The sentence for promoting an obscene sexual performance by a child was 1⅓ to

---

1. CPL 30.30 (1) (a) states:
 "1. Except as otherwise provided in subdivision three, a motion made pursuant to paragraph (e) of subdivision one of section 170.30 or paragraph (g) of subdivision one of section 210.20 must be granted where the people are not ready for trial within:
 "(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony."

4 years; for use of a child in a sexual performance, he received 3 to 9 years; and for possessing an obscene sexual performance by a child he received $1^1/_3$ to 4 years, which were to run concurrently with each other, but consecutive to the sentences imposed on the sodomy convictions.[2]

The Appellate Division modified the sentence but affirmed the conviction. The Court reasoned that the sentence was unduly harsh and modified the judgment by ordering the determinate terms of 17 years imposed on the second and third counts of the indictment to run consecutively, but all of the other terms to run concurrently with one another (13 AD3d 1074 [2004]).

The Appellate Division declined, however, to dismiss the indictment for a violation of speedy trial rights. The Court reasoned that defendant was not denied his statutory or constitutional rights to a speedy trial because between July 11 and November 30, 2000, Aney explicitly requested that the prosecution postpone the presentation of defendant's case to the grand jury and expressly waived defendant's speedy trial rights, "all for the purpose of pursuing a favorable plea bargain for defendant" (id. at 1075). The Court reasoned that this 142-day period, along with the 24 days needed for the psychiatric examination, rendered timely the People's declaration of readiness. Additionally, the Court held Aney had the authority to bind defendant to the waiver, and the record established that defendant did consent to the delay. Two Justices dissented, reasoning that it was the People's burden to show defendant waived his rights and these periods were excludable under CPL 30.30 (4). Furthermore, the dissenting Justices stated there was no contemporaneous record made "and absent such a record, the delay is chargeable to the People and the purported waiver of defendant's speedy trial rights is ineffective" (id. at 1077). A Justice of the Appellate Division granted defendant permission to appeal. We now affirm.

 On this record, where defendant's counsel explicitly waived speedy trial rights in order to complete ongoing plea negotiations, such time is excludable. CPL 30.30 (1) (a) states that the People must be ready for trial within six months of the commencement of a criminal action, exclusive of the days chargeable to the defense. It is undisputed by both parties that the 24 days

---

2. The mandatory state surcharge of $210 was also imposed, as well as defendant's entry into the sex offender registry and permanent orders of protection.

between February 1 and February 24, 2000 are excludable pursuant to CPL 30.30 (4) (a).[3] The record shows that the delay worked in defendant's favor, as it resulted in a reduced sentence offer. It is also within the record that defendant knew of and consented to his lawyer's strategy. Defendant claims that, at most, the People established the excludable period requested in the letter ended September 15, the date Aney requested a dispositional hearing. We disagree. The July letter could have been clearer, and prosecutors would be well advised to obtain unambiguous written waivers in situations like these, but the letter, read in light of the negotiations that preceded and followed it, as described in Aney's testimony, was a waiver of the delay between July 11 and November 30 because that was the time used by the defendant to negotiate with the District Attorney. Although he did request a hearing for September 15, 2000, the record indicates that Aney and Daley remained in negotiations through November. Therefore, we hold that there was sufficient excludable time not chargeable to the People— the 24 days in February 2000 and the period between July 11 and November 30, 2000, the date defendant explicitly rejected Aney's strategy of delay.

Defendant maintains that the People should have shown a contemporaneous record of consent to the delay (citing CPL 30.30 [4] [b]).[4] But CPL 30.30 (4) (b) speaks only to the question of when continuances granted by the court may be excluded

---

3. CPL 30.30 (4) (a) states:

"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded:

"(a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; demand to produce; request for a bill of particulars; pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court."

4. CPL 30.30 (4) (b) states:

"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded: . . .

"(b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel. The court must grant such a continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt dispositions of criminal charges. A defendant without counsel must not be

from section 30.30's time limitations. It does not prevent a defendant from making, through a letter from his counsel, a valid waiver of his statutory speedy trial right, and there is no requirement that such a letter be filed contemporaneously at the courthouse.

Finally, we hold there was no constitutional violation of defendant's right to a speedy trial. In *People v Taranovich* (37 NY2d 442 [1975]), this Court stated the following factors should be examined when a defendant claims there has been a denial of his right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.

Under the first factor, the extent or duration of the delay, we have a delay of almost a year. Although "the greater the delay the more probable it is that the accused will be harmed" (*id.* at 445), here it appears the delay helped defendant. Analysis of the second factor, the reason for the delay, shows defendant and his former lawyer were primarily responsible and also falls in the People's favor. The third factor, the nature of the underlying charge, also falls in the People's favor as the grand jury ultimately indicted defendant on seven felony counts involving the sexual abuse of minors. This matter required delicate handling by the District Attorney, who sought to minimize further harm to the victims by making them testify.

The fourth factor, whether or not there has been an extended period of pretrial incarceration, falls in the defendant's favor, although we note that he chose to extend this pretrial incarceration by agreeing to a waiver. Analysis of the fifth factor, whether or not there is any indication that the defense has been impaired by reason of the delay, again shows that defendant was not impaired because he received a better offer from the prosecutor as a result of waiting. Balancing these factors, we hold that defendant was not deprived of his constitutional right to a speedy trial.

Accordingly, the order of the Appellate Division should be affirmed.

---

deemed to have consented to a continuance unless he has been advised by the court of his rights under these rules and the effect of his consent."

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed.