SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

716
KA 15-01477
PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                      V                           MEMORANDUM AND ORDER

JESSE L. LEUBNER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)
_____

PHIL MODRZYNSKI, BUFFALO, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF
COUNSEL), FOR RESPONDENT.
_____

        Appeal from a judgment of the Cayuga County Court (Mark H.
Fandrich, A.J.), rendered August 25, 2015.  The judgment convicted
defendant, after a nonjury trial, of criminal possession of a
controlled substance in the seventh degree.

        It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law, the motion is granted, the indictment
is dismissed, and the matter is remitted to Cayuga County Court for
proceedings pursuant to CPL 470.45.

        Memorandum:  In appeal No. 1, defendant appeals from a judgment
convicting him, following a nonjury trial, of criminal possession of a
controlled substance in the seventh degree ([CPCS 7th] Penal Law
§ 220.03).  In appeal No. 2, defendant appeals from a judgment
convicting him, following that same nonjury trial, of criminal
possession of marihuana in the second degree ([CPM 2nd] § 221.25), and
growing of the plant known as Cannabis by unlicensed persons (Public
Health Law § 3382).  In these consolidated appeals, defendant contends
that County Court erred in denying his motion to dismiss the
indictments on speedy trial grounds (*see* CPL 30.30).  We agree.

        The relevant facts are undisputed.  Defendant was arrested on
August 13, 2013 after the police discovered marihuana plants growing
behind the trailer in which he lived, and controlled substances for
which there was no prescription inside the trailer.  Defendant's
arraignment later that day started the speedy trial clock (*see
generally People v Cortes*, 80 NY2d 201, 208).  By letter dated August
24, 2013, defendant's retained attorney requested a 30-day
adjournment.

        By letter dated September 27, 2013, the District Attorney
notified the court and defense counsel that he intended to present the

case to the grand jury, and he asked the court to "have the files divested to County Court."  On October 6, 2013, defense counsel sent a letter to the District Attorney, stating, in relevant part:  "I would request that prior to your presentation of these matters to the Grand Jury that I be granted the opportunity to speak with a member of your staff regarding some type of plea disposition."

The District Attorney did not respond until more than five months later, when he sent a letter to defense counsel dated March 11, 2014, stating that he had heard nothing from defense counsel since he received defense counsel's October 2013 letter and setting forth the terms of a plea offer.  There is no indication in the record whether defense counsel responded to that letter.  Following the District Attorney's presentation to the grand jury, the indictment in appeal No. 2 was filed on March 21, 2014.  That indictment charged defendant with the felony count of CPM 2nd, and two misdemeanors, including one count of CPCS 7th.

Upon defendant's motion, County Court dismissed the CPCS 7th count as duplicitous.  After the People re-presented the evidence relating to that offense to another grand jury, the indictment in appeal No. 1, charging defendant with four separate counts of CPCS 7th, was filed on August 1, 2014, with the People announcing readiness for trial on August 19, 2014.

After the two indictments were consolidated, defendant moved to dismiss them on speedy trial grounds.  The court denied the motion without explanation.  Defendant was eventually convicted of CPM 2nd and unlawful growing of cannabis under the first indictment (appeal No. 2) and one count of CPCS 7th, as charged in the second indictment (appeal No. 1).

Where, as here, a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (*see* CPL 30.30 [1] [a]; *see generally People v Cooper*, 90 NY2d 292, 294).  The six-month period is calculated by "computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute" (*Cortes*, 80 NY2d at 208).  Although a defendant may waive his or her rights under CPL 30.30, such waiver must be explicit, and "[m]ere silence is not a waiver" (*People v Dickinson*, 18 NY3d 835, 836).  The Court of Appeals has repeatedly stated that "prosecutors would be well advised to obtain unambiguous written waivers" (*People v Waldron*, 6 NY3d 463, 468; *see Dickinson*, 18 NY3d at 836).

Here, as the parties recognize, defendant's speedy trial motion turned on whether defense counsel waived defendant's speedy trial rights in the October 6, 2013 letter to the District Attorney, thereby excluding the 166-day period from that date until March 21, 2014, when the indictment in appeal No. 2 was filed.  We conclude that the 166 days should have been charged to the People.  Defense counsel did not explicitly state or even suggest in his letter that he was waiving his client's rights to a speedy trial under CPL 30.30; instead, counsel

merely requested an opportunity to discuss a plea bargain before the District Attorney presented the case to the grand jury.  In our view, that request does not constitute an explicit and "unambiguous" waiver of defendant's speedy trial rights (*Waldron*, 6 NY3d at 468; *see Dickinson*, 18 NY3d at 836), and we thus conclude that "the People failed to meet their burden of proving that the disputed . . . period was not chargeable to them" (*People v Smith*, 110 AD3d 1141, 1143).  We therefore grant defendant's motion and dismiss the indictments.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court