■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHEN LEWINS, Respondent. [58 NYS3d 313]—

Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about March 16, 2016, which granted defendant's CPL 30.30 motion to dismiss the indictment, unanimously reversed, on the law and the facts, the indictment reinstated, and the matter remanded for further proceedings.

The period between January 24 and March 17, 2015, which is dispositive of defendant's speedy trial motion, should not have been charged to the People. Contrary to the court's conclusion, defense counsel clearly expressed consent to the exclusion of the relevant period in emails to the prosecutor on March 16 and 17, 2015.

Defendant was charged with one count of second-degree unlawful surveillance by a felony complaint dated January 24, 2015, and was arraigned on the complaint the same day. Soon afterward, one of defendant's attorneys contacted the prosecutor to express defendant's interest in negotiating a plea.

On March 16, 2015, the prosecutor emailed defendant's principal counsel and associate counsel to let them know that she was "considering making a non-felony offer in [defendant's] case if there are no additional crimes revealed on [defendant's] electronic devices." To facilitate plea negotiations, the prosecutor offered defendant an opportunity to participate in a proffer session and requested that defendant grant the People "permission to search" several electronic devices that had been seized from defendant to verify that he had not committed any additional crimes.

The prosecutor stated that "consideration of any offer by the People must be accompanied by [defendant's] written waiver of all 30.30 time," and that, if defendant was "not interested in an offer" or "not willing to waive 30.30 time," the case would be

"presented to the current Grand Jury." That same day, defense counsel responded with an email indicating that he had "spoken to [defendant]," who "consents to a search of his devices that were seized and . . . waives 30.30 in order to facilitate plea negotiations."

On the next day, March 17, 2015, the prosecutor sent a second email to defense|counsel, in which she explained how a proffer session would work, provided defense counsel with a sample proffer agreement, and offered to draft the consent form for the search of defendant's electronic devices. The prosecutor then asked: "Are you waiving 30.30 from the arraignment date of Jan 24, 2015?" Defense counsel promptly responded, stating, "I'd be inclined to waive from today, but if you insist on 1/24 that's acceptable."

Under CPL 30.30 (4) (b) a defendant may consent to the exclusion of time that would otherwise be chargeable to the People. If the People rely on consent under subdivision (4) (b) they must establish that such consent was "clearly expressed by the defendant or defense counsel" (*People v Liotta*, 79 NY2d 841, 843 [1992]; *see also People v Dickinson*, 18 NY3d 835 [2011]). In addition to the exceptions enumerated in CPL 30.30 (4), CPL 30.30 time may be excluded where "defendant's counsel explicitly waived speedy trial rights in order to complete ongoing plea negotiations" (*People v Waldron*, 6 NY3d 463, 467 [2006]).

In its decision on defendant's speedy trial motion, the court, relying on the phrase "if you insist," found that defense counsel's March 17 response did not constitute a clear agreement to waive time going back to January 24. The court noted that "[t]he prosecutor did not 'insist' or otherwise respond" to defense counsel's last email, indicating that without such "insistence" no consent to exclusion of the relevant period was achieved. Rather, in the court's view, "the discussion of the commencement of defendant's consent appears to have been abandoned midstream."

We disagree with this analysis. In assessing whether time is properly excluded, a court should look to the totality of the record (*see People v Hernandez*, 248 AD2d 149, 149 [1st Dept 1998], *lv denied* 91 NY2d 1008 [1998]). Here, based on a fair reading of the whole record, we conclude that defense counsel expressly waived inclusion of the 52-day period. Central to the court's reasoning was that the prosecutor "did not 'insist' or otherwise respond" after defense counsel wrote "I'd be inclined to waive from today, but if you insist on 1/24 that's acceptable." However, in this exchange, "insistence" was not an eventuality

that had to be confirmed by further action of the prosecutor, but an already clearly stated position. The prosecutor had already, in her March 16 email, insisted on a waiver of "all 30.30 time," extending back to the arraignment—requiring such a total waiver as a condition of negotiations. She had explained that if defendant were not willing to waive all 30.30 time, the case would be presented to the current grand jury.

The March 17 email repeated, even more explicitly, the prerequisite—to which defendant had already agreed—that defendant waive speedy trial time going back to January 24. There was no need for the People to again insist on this because they had unequivocally insisted on it from the beginning of the conversation. As a realistic matter, the question whether the People insisted on this was not an open one, and defense counsel did not treat it as unresolved. He "accept[ed]" the waiver running back to the time of arraignment and promised to call the prosecutor the following week to make arrangements for a "presentation to you."

In *Waldron*, the defendant's attorney, as here, pursued a strategy that involved waiving speedy trial time "in order to reserve the possibility of negotiating a better sentence for his client" (6 NY3d at 465). In a July 11, 2000 letter to the district attorney, he requested "that we schedule a dispositional hearing date on or before September 15, 2000" and stated that "the defendant does hereby waive any speedy trial or other rights that he may have by your concurring with this request" (*id.* at 466). Ultimately, the parties remained in negotiations through November. The Court rejected the defendant's claim that "at most, the People established the excludable period requested in the letter ended September 15, the date [the attorney] requested a dispositional hearing" (*id.* at 468). While it found that "[t]he July letter could have been clearer, and prosecutors would be well advised to obtain unambiguous written waivers in situations like these," the Court ruled that "the letter, read in light of the negotiations that preceded and followed it, as described in [defense counsel's] testimony, was a waiver of the delay between July 11 and November 30 because that was the time used by the defendant to negotiate with the District Attorney" (*id.*).

Although the period in controversy in this case is one that preceded the parties' engagement in negotiations, the principle is the same. Like the letter in *Waldron*, the email exchange between the parties "could have been clearer," in that any debate would have been eliminated if the prosecutor had responded to defense counsel's March 17 email by saying, "I insist." But the

absence of that declaration did not make the preceding negotiations ambiguous. Contrary to the analysis of the court below, the prosecutor clearly demanded exclusion of all speedy trial time beginning with the arraignment, and defense counsel, while using the rhetorical phrase "if you insist," clearly acceded to that demand. Furthermore, the People and the Court both noted the defense waiver of that period during subsequent adjournments and ongoing negotiations, without defense objection. Thus, the 52-day period should not have been charged to the People, and, as indicated, defendant's speedy trial motion fails without the inclusion of that period. Concur—Tom, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.