Keller-Goldman v Goldman (2018 NY Slip Op 04278)

Keller-Goldman v Goldman

2018 NY Slip Op 04278 [31 NY3d 1123]

June 12, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 12, 2018

[*1]

Deborah Keller-Goldman, Respondent,
v
Jacob Goldman, Appellant.

Decided June 12, 2018

Keller-Goldman v Goldman, 149 AD3d 422, affirmed.

APPEARANCES OF COUNSEL

Kanfer & Holtzer, LLP, New York City (Mark M. Holtzer of counsel), for appellant.
Martin Friedlander P.C., New York City (Martin E. Friedlander of counsel), for respondent.

{**31 NY3d at 1124} OPINION OF THE COURT

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, with costs. Like the Appellate Division, and in light of the significant downward departure from the support contemplated under the Child Support Standards Act, we cannot say that Supreme Court erred when, prior to incorporating the parties' agreement into the judgment, it interpreted the disputed provision, in the context of the larger agreement and the parties' respective financial circumstances, in a manner that ensured adequate support to each unemancipated child, as the parties clearly intended (see Domestic Relations Law § 240 [1-b] [h]).
{**31 NY3d at 1125}Concur: Chief Judge DiFiore and Judges Rivera, Fahey, Wilson and Feinman. Judge Stein dissents in an opinion in which Judge Garcia concurs.

Stein, J. (dissenting). The parties' stipulation of settlement and agreement "is a contract subject to the principles of contract construction and interpretation" (Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990]). I agree with the dissenting Justices of the Appellate Division that the clear and unambiguous language of the parties' agreement entitles defendant to a credit against his child support obligations in the amount that he pays for a child's room and board at an educational institution (149 AD3d 422, 426-427 [Andrias, J., dissenting]). In my view, Supreme Court's conclusion that the children would be inadequately supported if the agreement was enforced as written was wholly speculative and public policy concerns did not, on these facts, justify the court's exercise of its discretion under Domestic Relations Law § 240 (1-b) (h). Moreover, Supreme Court improperly altered one isolated provision of the parties' heavily-negotiated agreement without giving adequate consideration to the overall settlement as set forth therein. Thus, I would reverse and remit for further proceedings.