People v Strauss (2020 NY Slip Op 00745)





People v Strauss


2020 NY Slip Op 00745


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1061 KA 17-01099

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES STRAUSS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHARLES STRAUSS, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 4, 2017. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (eight counts) and attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentence imposed for burglary in the second degree under count two of the indictment shall run concurrently with the sentence imposed under count one of the indictment and consecutive to the sentence imposed in Madison County Court, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of eight counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count of attempted burglary in the second degree (§§ 110.00, 140.25 [2]), defendant contends, in both his main and pro se supplemental briefs, that County Court erred in denying his motion to dismiss the indictment on speedy trial grounds (see CPL 30.30). We reject that contention. Where, as here, a defendant is charged with a felony offense, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 207 n 3 [1992], rearg denied 81 NY2d 1068 [1993]), "exclusive of the days chargeable to the defense" (People v Waldron, 6 NY3d 463, 467 [2006]).
Here, defendant established that 404 days elapsed between the commencement of the criminal action against defendant on November 13, 2014, when the felony complaints were filed (see CPL 1.20 [17]; People v Osgood, 52 NY2d 37, 43 [1980]), and the People's announcement of their readiness for trial on December 22, 2015. Thus, defendant met his initial burden on the motion of establishing that the People were not ready for trial within six months, and the burden shifted to the People to establish time periods that were chargeable to the defense (see People v Berkowitz, 50 NY2d 333, 349 [1980]; People v Gushlaw [appeal No. 2], 112 AD2d 792, 793 [4th Dept 1985], lv denied 66 NY2d 919 [1985]).
Defendant correctly concedes that the nine-day period from November 25 to December 4, 2015 is excludable and, contrary to his contention, the People established that an additional 222 days were excludable inasmuch as defendant's attorneys waived defendant's speedy trial rights pursuant to CPL 30.30 with respect to that period (see People v Trepasso, 197 AD2d 891, 891 [4th Dept 1993], lv denied 82 NY2d 854 [1993]). Thus, only 173 days were chargeable to the People, and therefore the court properly denied defendant's motion to dismiss the indictment on speedy trial grounds (see CPL 30.30).
Contrary to the further contentions of defendant in his pro se supplemental brief, "a [*2]waiver under CPL 30.30 does not involve such a fundamental decision that it cannot be made by counsel' " (People v Wheeler, 159 AD3d 1138, 1141-1142 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]), and CPL 30.30 (4) (b) does not require the court to approve the decision of defense counsel to waive speedy trial rights (see generally People v Waldron, 6 NY3d 463, 467 [2006]; People v Lewins, 151 AD3d 575, 576 [1st Dept 2017], lv denied 30 NY3d 981 [2017]).
Defendant contends in his main brief that the court erred in admitting evidence related to jewelry that was found inside a storage unit owned by defendant's mother, including recorded jail telephone conversations between defendant and his mother where defendant asked his mother and his sister to remove items from the storage unit. He asserts that the People failed to establish that the jewelry was connected to the charged crimes, and thus that the evidence constituted inadmissible Molineux evidence. We reject defendant's contention. Defendant's accomplice testified that he noticed some of the jewelry that was stolen during the charged crimes was missing when he and defendant went to sell the stolen items at the pawn shops, and the accomplice further testified that defendant later told the accomplice that he had hidden some of the jewelry stolen during the charged crimes in the storage unit. Thus, contrary to defendant's contention, we conclude that the evidence constituted direct evidence of defendant's participation in the charged crimes and was "not Molineux evidence at all" (People v Arafet, 13 NY3d 460, 465 [2009]; see generally People v Hillard, 79 AD3d 1757, 1758 [4th Dept 2010], lv denied 17 NY3d 796 [2011]). Furthermore, in the recorded jail telephone calls, defendant told his mother that her failure to remove certain items from the storage unit could result in defendant spending 30 years in jail. "Certain postcrime conduct is indicative of a consciousness of guilt, and hence of guilt itself' " (People v Bennett, 79 NY2d 464, 469 [1992], quoting People v Reddy, 261 NY 479, 486 [1933]), and we conclude that the evidence of the jail telephone calls was "properly admitted as evidence of defendant's consciousness of guilt" (People v Wallace, 59 AD3d 1069, 1070 [4th Dept 2009], lv denied 12 NY3d 861 [2009]).
Defendant further contends in his main brief that the court erred in refusing to suppress cell site location information (CSLI) records on the ground that they were improperly obtained by the People without a warrant. Even assuming, arguendo, that the court erred in admitting the CSLI records, we conclude that the error was harmless inasmuch as the evidence of defendant's identity as a participant in the crimes was overwhelming, and there is no reasonable possibility that, but for the admission in evidence of those records, the verdict would have been different (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Jiles, 158 AD3d 75, 81 [4th Dept 2017], lv denied 31 NY3d 1149 [2018]). Defendant's accomplice testified about defendant's participation in the burglaries, and items stolen during the burglaries were recovered from defendant's apartment, including from his bedroom, and were identified by the victims as property that was stolen from their homes during the burglaries.
We agree with the contention of defendant in his main brief, however, that the aggregate sentence of 50 years to life in prison imposed by the court is unduly harsh and severe under the circumstances of this case. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentence imposed for burglary in the second degree under count two of the indictment shall run concurrently with the sentence imposed under count one of the indictment, and consecutive to the sentence imposed in Madison County Court.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court