People v Washington (2021 NY Slip Op 01637)





People v Washington


2021 NY Slip Op 01637


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


892 KA 14-01862

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT
v
CHARLES J. WASHINGTON, DEFENDANT-APPELLANT. 






ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 2, 2014. The judgment convicted defendant upon a jury verdict of criminal contempt in the first degree and aggravated family offense (seven counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of criminal contempt in the first degree (Penal Law § 215.51 [c]) and seven counts of aggravated family offense (§ 240.75 [1]). We reject defendant's contention that he was deprived of effective assistance of counsel. With respect to defendant's claim that defense counsel was ineffective for purportedly failing to discuss with him his right to testify before the grand jury, defendant has not established "that he was prejudiced by that purported failure or that the outcome would have been different if he had testified" (People v Lostumbo, 182 AD3d 1007, 1009 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]; see People v Hogan, 26 NY3d 779, 787 [2016]; People v Robinson, 151 AD3d 1701, 1701 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). Indeed, we note that defendant testified at trial and was nonetheless found guilty (see Hogan, 26 NY3d at 787; Lostumbo, 182 AD3d at 1009). Furthermore, we reject defendant's claim that defense counsel was ineffective for failing to discuss with him his rights to a speedy trial under CPL 30.30 and for waiving those rights without his consent (see generally People v Strauss, 179 AD3d 1487, 1489 [4th Dept 2020], lv denied 35 NY3d 974 [2020], reconsideration denied 35 NY3d 1049 [2020]; People v Wheeler, 159 AD3d 1138, 1141-1142 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]).
Defendant's contention that the accusatory instrument filed in Rochester City Court is facially insufficient is academic in light of the subsequent indictment issued by the grand jury (see People v Hart, 25 AD3d 815, 816 [3d Dept 2006], lv denied 6 NY3d 834 [2006]; see also People v Washington, 173 AD3d 1644, 1645-1646 [4th Dept 2019], lv denied 34 NY3d 985 [2019]; People ex rel. Van Steenburg v Wasser, 69 AD3d 1135, 1136 [3d Dept 2010], lv denied in part and dismissed in part 14 NY3d 883 [2010]).
We have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court