People v Diggs (2022 NY Slip Op 03124)

People v Diggs

2022 NY Slip Op 03124

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2018-08142
 (Ind. No. 3018/14)

[*1]The People of the State of New York, respondent,
v
Lonnie Diggs, appellant.

Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Steven W. Paynter, J.), rendered June 19, 2018, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty after a period of 44½ months of pretrial incarceration. The defendant's contention that his constitutional right to a speedy trial was violated is unpreserved for appellate review (see People v Price, 150 AD3d 1153). In any event, after balancing the five factors identified in People v Taranovich (37 NY2d 442), we conclude that the defendant's contention is without merit. Although the defendant's period of pretrial incarceration, which ran from the date of his arrest through the date of his plea, was significant, approximately half of that delay was on his consent, due to motion practice, or caused by conflicting engagements of his retained counsel, and therefore was supported by good cause (see People v Waldron, 6 NY3d 463, 469; People v Morales, 171 AD3d 945, 948; People v Lowry, 107 AD2d 716, 717; cf. People v Wiggins, 31 NY3d 1). Furthermore, the defendant did not demonstrate that his defense suffered any specific impairment by the delay, and he ultimately received the benefit of an offer to plead guilty to a lesser included offense (see People v Wiggins, 31 NY3d at 17-18; People v Waldron, 6 NY3d at 469). Finally, the nature of the charges, involving an intentional homicide by means of asphyxiation and blunt trauma to the head, was undoubtedly serious.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court