People v Estrella (2023 NY Slip Op 50786(U))

[*1]

People v Estrella (Ana)

2023 NY Slip Op 50786(U)

Decided on July 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ

2022-79 Q CR

The People of the State of New York, Appellant,
against
Ana Estrella, Respondent. 

Queens County District Attorney (Johnnette Traill, Jordan I. LoCascio and Michael Tadros of counsel), for appellant.
New York City Legal Aid Society (Ivan Pantoja of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Scott A. Dunn, J.), dated December 8, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is affirmed.
Insofar as is relevant to this appeal, on November 21, 2020, defendant was charged in an accusatory instrument with criminal contempt in the second degree (Penal Law § 215. 50 [3], a class A misdemeanor), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). The People were not ready for trial, and the case was adjourned to February 11, 2021. On February 11th, the case was administratively adjourned until either party caused the case to be placed onto the calendar. The case was subsequently placed on the calendar on July 19, 2021, on which date the Criminal Court set a motion schedule. Thereafter, defendant moved to dismiss the accusatory instrument on the ground that her CPL 30.30 statutory right to a speedy trial had been violated. The People opposed the motion, arguing that only 26 days were chargeable against them since the entire time period following what the People allege was defense counsel's acceptance of their plea offer on December 17, 2020 was excludable. By order dated December 8, 2021, the Criminal Court granted defendant's motion finding that, pursuant to People v Dickinson (18 NY3d 835 [2011]), [*2]"absent a defendant's express waiver of CPL 30.30, the accrual of speedy [trial] time is not tolled by plea negotiations." Consequently, the court found that more than 90 days were chargeable to the People. On appeal, the People contend, among other things, that all time subsequent to December 17th was excludable, since defense counsel had acquiesced to the delays; and that the Criminal Court's reliance on Dickinson was misplaced.
In Dickinson, wherein the People argued that the defendant had waived his CPL 30.30 rights by participating in plea negotiations for several months, the Court of Appeals stated that:
"While a defendant may waive rights under CPL 30.30 (People v Waldron, 6 NY3d 463 [2006]), the record here contains no evidence of any waiver, written or oral. Mere silence is not a waiver. We repeat our observation in Waldron that 'prosecutors would be well advised to obtain unambiguous written waivers in situations like these' (id. at 468)" (Dickinson, 18 NY3d at 836).
Here, defendant, likewise, through her attorney, participated in plea negotiations and it is uncontroverted that defendant never waived, in writing or orally, her CPL 30.30 rights. Contrary to the People's argument, defense counsel's participation in the plea negotiations did not constitute acquiescence to any adjournment or delay. In view of the foregoing, in addition to the 26 days for the time period of November 21, 2020 to December 17, 2020, an additional 56 days are chargeable to the People for the time period of December 17, 2020 to February 11, 2021, as well as 158 days for the time period of February 11, 2021 to July 19, 2021. Consequently, the Criminal Court properly granted defendant's motion to dismiss the accusatory instrument on the ground that her statutory right to a speedy trial had been violated.
The People's remaining arguments lack merit or are unpreserved for appellate review (see People v Price, 150 AD3d 1153 [2017]).
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 14, 2023