People v Middleton (2024 NY Slip Op 02382)

People v Middleton

2024 NY Slip Op 02382

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Ind. No. 3049/19 Appeal No. 2176 Case No. 2023-02475 

[*1]The People of the State of New York, Respondent,
v
Twinallan Middleton, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Molly Booth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Miriam R. Best, J., at speedy trial motion; Brendan T. Lantry, J., at plea and sentencing), rendered April 20, 2023, convicting defendant of attempted assault in the second degree, and sentencing her, as a second felony offender, to a term of 1½ to 3 years, unanimously reversed, on the law, defendant's speedy trial motion granted, and the indictment dismissed.
The court should have granted defendant's speedy trial motion (CPL 30.30). The 284-day period from October 19, 2020, when the Executive Order lifted the toll and reinstated speedy trial time for indicted felonies, and July 30, 2021, when the People first filed a Certificate of Readiness, was includable because the record did not establish that defendant expressly waived her speedy trial rights while pursuing plea negotiations (see People v Waldron, 6 NY3d 463, 467 [2006]; People v Lewins, 151 AD3d 575, 577-578 [1st Dept 2017], lv denied 30 NY3d 981 [2017]). On February 7, 2020, when the People rejected defendant's request for a plea involving programming, counsel specifically requested an adjournment only to March 23, 2020, to attempt further discussions with the assigned prosecutor (see People v Barden, 27 NY3d 550, 555 [2016]). The record does not reflect that the People required any waiver of speedy trial rights as a condition of further plea negotiations, nor does it contain any evidence of written communications from counsel purporting to waive defendant's speedy trial rights during the period at issue, and "[m]ere silence is not a waiver" (People v Dickinson, 18 NY3d 835, 836 [2011]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024