People v Perryman (2025 NY Slip Op 50322(U))

[*1]

People v Perryman

2025 NY Slip Op 50322(U)

Decided on March 12, 2025

County Court, Genesee County

Cianfrini, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2025
County Court, Genesee County

The People of the State of New York,

against
Darrell L. Perryman, Defendant.

Indictment No. 70759-24/001

Kevin T. Finnell, Esq.
Genesee County District Attorney
BY: Robert R. Zickl, Esq.Assistant District Attorney
Terence McCarty, Esq.
Attorney for Defendant

Melissa Lightcap Cianfrini, J.

On January 8, 2025, the Defendant filed a notice of motion to dismiss the above-entitled action on the basis of speedy trial grounds pursuant to CPL § 30.30, together with an Attorney Affirmation of Terence McCarty, Esq., dated January 8, 2025. In opposition, the People have submitted an Answering Affirmation of Assistant District Attorney Robert R. Zickl, affirmed on January 31, 2025.
Oral arguments were held on February 11, 2025. Thereafter, the defense filed a Memorandum of Law to this Court on February 21, 2025. The People filed their Memorandum of Law on March 6, 2025.
The Defendant asserts that the People were not ready for trial within 180 days since Defendant did not waive[FN1]
 any speedy trial time while active plea negotiations were on-going. It is important to note that no written waiver of speedy trial has been produced to this Court.
 Defendant's challenge pursuant to CPL § 30.30
The Defendant moves to dismiss the indictment for a violation of CPL § 30.30, which requires that the People to declare their readiness for trial on a felony charge within six months of the commencement of the action (CPL § 30.30(1)(a)). 
A defendant seeking a speedy trial dismissal pursuant to CPL § 30.30 meets his or her initial burden on the motion by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period (People v Reed, 151 AD3d 1821, 1821 [4th Dept. [*2]2017] internal quotations omitted). The Defendant has successfully met his initial burden since he alleged that the Defendant did not waive his speedy trial rights. The calculation for CPL § 30.30 purposes begins on the date of arraignment[FN2]
, where a defendant is provided a notice to appear, not the date of arrest (See CPL §1.20[17] and CPL § 30.30[7][b]).
The burden now shifts to the People. The People asserted that defense counsel orally waived Mr. Perryman's speedy trial time while he was considering a plea offer. Moreover, the Assistant District Attorney Zickl ("ADA Zickl") in his Answering Affirmation also stated, "I specifically asked Mr. Magistro if he was requesting that I hold off on Grand Jury presentment while he discussed it with his client, and he said yes." See Attorney Affirmation of ADA Zickl sworn to on January 31, 2025. According to ADA Zickl, the plea offer was tendered in approximately December of 2023. The case was presented to Grand Jury on November 21, 2024, approximately 11-months after the plea offer. Sadly, defense counsel died on November 1, 2024.
The law in this area, including precedence from our Court of Appeals, is clear on this issue. Although a defendant may waive his or her rights under CPL § 30.30, such waiver must be explicit, and "[m]ere silence is not a waiver." See People v. Dickinson, 18 NY3d 835. The Court of Appeals has repeatedly stated that "prosecutors would be well advised to obtain unambiguous written waivers." See People v. Waldron, 6 NY3d 463.
The Fourth Department decided a similar issue in People v. Leubner, 143 AD3d 1244. In that case, defense counsel sent a letter requesting an opportunity to discuss a plea bargain before the District Attorney presented the case to Grand Jury. The Court in Leubner held that this communication did not constitute an explicit and unambiguous waiver of defendant's speedy trial rights. Id. at 674.
Here, the prosecutor asserts that defense counsel orally waived his client's speedy trial rights by requesting that the case not be presented to grand jury in order for him to discuss the plea offer with his client and to continue to engage in plea negotiations. This conversation allegedly occurred in November of 2023.
The prosecutor further submitted that he "asked Mr. Magistro several times as to his client's position, but did not have a final answer, at various times citing his schedule or difficulty getting in touch with his client." See Attorney Affirmation of ADA Zickl sworn to on January 31, 2025. ADA Zickl stated in his Attorney Affirmation that he "reminded him [defense counsel] that [he] was holding off on Grand Jury presentment." See id. The attorney then passed away unexpectedly in November 2024. As such, he is unable to address the prosecutor's claims.
Nevertheless, this unfortunate circumstance, coupled with the fact that there is nothing in the record to suggest that the Defendant was aware of or ever consented to such adjournment, cannot inure to the benefit of the People under these circumstances, especially in light of the fact that there was no clear written waiver of speedy trial time.[FN3]
 While oral waivers of speedy trial [*3]time can be binding in appropriate cases (although not advised by this Court), here the defense attorney is not available to assert his position. There is a lack of any written correspondence or emails confirming the conversation between the two. Also, the People failed to set forth any excludable time periods in their submission to this Court. 
Therefore, the People failed to meet their burden of proving that the disputed period was chargeable to the defense. See People v Smith, 110 AD3d 1141.

Conclusion
Accordingly, the Defendant's motion to dismiss is GRANTED and this indictment is hereby DISMISSED.
Due to this Court's decision, the remaining issues raised by the Defendant in his motion need not be addressed, including the issuance of any Decision on any Grand Jury Minutes.
This Decision constitutes the Order of this Court.
DATED: March 12, 2025
Batavia, New York
HON. MELISSA LIGHTCAP CIANFRINI
Genesee County Court Judge

Footnotes

Footnote 1:Attorney Magistro unexpectantly passed away during this case. The plea negotiations and any other communications were directly between Attorney Zickl and Attorney Magistro.

Footnote 2: Defendant was arraigned on September 11, 2023.

Footnote 3: Approximately 442 days are chargeable to the People. Calculations include September 11, 2023, the date of Village of Corfu Justice Court arraignment, to the date of November 26, 2024, the date the People filed their Statement of Readiness. The People must be ready for trial within 180 days of commencement of the criminal action. See CPL § 30.30(1).