[864 NE2d 606, 832 NYS2d 476]

NANCY GIANDANA, Individually and as Administratrix of the Estate of ANNA E. DEMUTH, Deceased, Respondent, v PROVIDENCE REST NURSING HOME et al., Defendants. PROVIDENCE REST NURSING HOME, Third-Party Plaintiff, v RAMAR SERVICES, INC., Third-Party Defendant, and BECKY AKOSAH, Third-Party Defendant-Appellant.

Decided February 20, 2007

## APPEARANCES OF COUNSEL

*Fiedelman & McGaw*, Jericho (*James K. O'Sullivan* of counsel), for third-party defendant-appellant.

*Marshall E. Bloomfield*, Bronx (*Michael P. Bloomfield* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, plaintiff's motion for partial summary judgment against Providence Rest Nursing Home denied, and the certified question answered in the negative.

Under plaintiff's theory of liability, third-party defendant Akosah was the only witness to the alleged negligent acts involving decedent. Nonetheless, Akosah has yet to be deposed or to otherwise participate in discovery. CPLR 1008 grants a third-party defendant all "the rights of a party adverse to the other parties in the action, including the right to counter-claim, cross-claim and appeal." In this appeal by third-party defendant Akosah, questions of fact relating to how decedent was injured, whether Akosah was involved, and whether the nursing home was otherwise negligent precluded a grant of partial summary judgment.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur in memorandum; Judge JONES taking no part.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.