# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1205**

**KA 13-00071**

PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

GRANT A. EASLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered January 2, 2013. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that there was no probable cause to compel his pre-indictment DNA buccal swab (*see generally Matter of Abe A.*, 56 NY2d 288, 291; *People v Smith*, 95 AD3d 21, 24). Defendant failed to preserve his contention for our review inasmuch as he did not move to suppress the DNA evidence obtained from the buccal swab (*see People v Brown*, 92 AD3d 1216, 1216, *lv denied* 18 NY3d 992; *People v Clark*, 15 AD3d 864, 865, *lv denied* 4 NY3d 885), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's further contention that he did not have actual or constructive possession of the drugs and thus that the evidence is legally insufficient to support the conviction. Viewing the evidence in the light most favorable to the People (*see generally People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences that could lead the trier of fact to conclude that defendant constructively possessed the subject drugs (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the

weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]) and, in any event, that contention is without merit. The allegedly improper comments were "either a fair response to defense counsel's summation or fair comment on the evidence" (*People v Santiago*, 101 AD3d 1715, 1716, *lv denied* 21 NY3d 946 [internal quotation marks omitted]; *see generally People v Halm*, 81 NY2d 819, 821).

Finally, defendant's sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced as a second felony offender, and it therefore must be amended to reflect that he was sentenced as a second felony drug offender (*see People v Vasavada*, 93 AD3d 893, 894, *lv denied* 19 NY3d 978; *see also People v Afrika*, 79 AD3d 1678, 1680, *lv denied* 17 NY3d 791).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                    Clerk of the Court