■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMMY L. SIMMONS, Appellant. [18 NYS3d 808]—

Appeal from a judgment of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), rendered April 23, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [4]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to present evidence that he possessed a shotgun on or about the date charged in the accusatory instrument and failed to present legally sufficient evidence of possession. Because defendant's motion for a trial order of dismissal and his renewed motion after putting in his own proof were not " 'specifically directed' " at the first alleged error, defendant failed to preserve that contention for our review (*People v Gray*, 86 NY2d 10, 19 [1995]). We reject defendant's challenge to the sufficiency of the evidence that he possessed the shotgun. We conclude that "viewing the facts in [the] light most favorable to the People, 'there is a valid line of reasoning

and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349 [2007], quoting *People v Acosta*, 80 NY2d 665, 672 [1993]).

Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct on summation. By failing to object to any of the alleged instances of prosecutorial misconduct, defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Easley*, 124 AD3d 1284, 1285 [2015], *lv denied* 25 NY3d 1200 [2015]). In any event, we conclude that defendant's contention is without merit. Present—Scudder, P.J., Smith, Carni, Lindley and Valentino, JJ.