# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1115**
**KA 14-00835**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TIMMY L. SIMMONS, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), rendered April 23, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [4]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to present evidence that he possessed a shotgun on or about the date charged in the accusatory instrument and failed to present legally sufficient evidence of possession. Because defendant's motion for a trial order of dismissal and his renewed motion after putting in his own proof were not " 'specifically directed' " at the first alleged error, defendant failed to preserve that contention for our review (*People v Gray*, 86 NY2d 10, 19). We reject defendant's challenge to the sufficiency of the evidence that he possessed the shotgun. We conclude that, "viewing the facts in [the] light most favorable to the People, 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349, quoting *People v Acosta*, 80 NY2d 665, 672).

Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct on summation. By failing to object to any of the alleged instances of prosecutorial misconduct, defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Easley*, 124 AD3d 1284, 1285, *lv denied* 25 NY3d 1200). In any event,

we conclude that defendant's contention is without merit.

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court