Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered April 20, 2015. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of endangering the welfare of a child (Penal Law § 260.10 [1]). The conviction arises out of defendant’s conduct in connection with a traumatic brain injury sustained by an 18-month-old child when the child was in defendant’s care. The jury acquitted defendant of the more serious charges of assault in the first degree (§ 120.10 [3]), reckless assault of a child (§ 120.02 [1]) and reckless endangerment in the first degree (§ 120.25).
 

 Defendant’s challenge to the legal sufficiency of the evidence supporting the child endangerment charge is not preserved for our review because she made only a general motion for a trial order of dismissal with respect to that charge (see People v Gray, 86 NY2d 10, 19 [1995]).
 

 Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s contention that the verdict is against the weight of the evidence. In reviewing the weight of the evidence we must determine in the first instance whether, “based on all the credible evidence!,] a different finding would not have been unreasonable” (People v Bleakley, 69 NY2d 490, 495 [1987]). “Where, as here, an acquittal would not have been unreasonable, we ‘must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions’ ” (People v Dean, 70 AD3d 1193, 1194 [2010], quoting Danielson, 9 NY3d at 348). In performing our weight of the evidence review, moreover, we may consider the jury’s acquittal on the other counts in the indictment (see People v Pay am, 94 NY2d 557, 563 n [2000]; People v O’Neil, 66 AD3d 1131, 1134 n 2 [2009]; People v Ross, 62 AD3d 619, 619 [2009], Iv denied 12 NY3d 928 [2009]). Based on the weight of the credible evidence, we conclude that the jury was justified in finding defendant not guilty of those counts charging her with recklessly engaging in conduct that caused the child’s injury or created a grave risk of death to the child, while at the same time finding her guilty of the count charging her with “knowingly act[ing] in a manner likely to be injurious to the physical . . . welfare of [the] child” (Penal Law § 260.10 [1]). Specifically, the jury was justified in finding that the evidence established that the seriousness of the child’s condition was apparent to defendant, and that her failure to take appropriate action amounted to knowingly acting in a manner likely to be injurious to the child (see People v Keegan, 133 AD3d 1313, 1316 [2015], lv denied 27 NY3d 1152 [2016]; People v Brandi E., 105 AD3d 1341, 1343 [2013], Iv denied 22 NY3d 1154 [2014]; People v Lewis, 83 AD3d 1206, 1207 [2011], Iv denied 17 NY3d 797 [2011]).
 

 Defendant failed to preserve for our review her contention that the prosecutor, during summation, improperly urged the jury to speculate concerning defendant’s mental state at the time that the child was in her care (see People v Smith, 32 AD3d 1291, 1292 [2006], Iv denied 8 NY3d 849 [2007]). In any event, even assuming that the prosecutor’s comment was improper, we conclude that it was not so egregious that it deprived defendant of a fair trial (see People v Griffin, 125 AD3d 1509, 1511 [2015]).
 

 Present — Whalen, P.J., Smith, Carni, DeJoseph and Curran, JJ.