People v Szatanek (2019 NY Slip Op 00794)





People v Szatanek


2019 NY Slip Op 00794


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1426 KA 16-00806

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN D. SZATANEK, DEFENDANT-APPELLANT. 






MICHAEL G. CIANFARANO, OSWEGO, FOR DEFENDANT-APPELLANT.
STEVEN D. SZATANEK, DEFENDANT-APPELLANT PRO SE.
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), rendered February 10, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). The conviction arose from the drowning death of a 17-year-old girl, previously unknown to defendant, who had been on vacation with her family. At trial, a witness testified that he saw defendant and the victim arguing in the water near the beach where the body was later recovered. The Medical Examiner testified that the victim's injuries were consistent with being held underwater and were not consistent with accidental drowning. Furthermore, defendant's girlfriend testified that defendant suffered a scratch on his chest near his neck, and a forensic scientist testified that material recovered from under the victim's fingernails matched defendant's DNA profile and that the odds of the DNA profile of an unrelated man matching the material recovered from the victim are one in 8,621. A corrections officer testified that, while in jail, defendant confessed that he killed the victim, and an inmate who was housed in a cell adjacent to defendant's cell testified that he overheard defendant say that he drowned a woman and deserved to spend the rest of his life in prison. Defendant testified that he found a suicide note on the beach near the victim's belongings, but acknowledged that he never mentioned any purported suicide note when he gave a prior statement to the police. Defendant, in his testimony, also admitted to disposing of some of the victim's belongings, including her purse, offering unlikely explanations for why he had done so.
Defendant contends in his main brief that the conviction is based on legally insufficient evidence. We reject that contention. As a preliminary matter, contrary to the People's assertion, defendant preserved his contention for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, we conclude that, "[v]iewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference, as we must" (People v Bay, 67 NY2d 787, 788 [1986]), the evidence is legally sufficient to establish that defendant intentionally killed the victim (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in his main brief that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
In his main and pro se supplemental briefs, defendant contends that he was denied a fair trial due to prosecutorial misconduct. Defendant failed to preserve his contention for our review, however, because he "either failed to object to the alleged [improprieties], or failed to request [*2]curative instructions or move for a mistrial when [Supreme C]ourt sustained his objection[]" (People v Tolbert, 283 AD2d 930, 931 [4th Dept 2001], lv denied 96 NY2d 908 [2001]; see People v Goodson, 144 AD3d 1515, 1516 [4th Dept 2016], lv denied 29 NY3d 949 [2017]). In any event, the allegedly improper remarks were " either a fair response to defense counsel's summation or fair comment on the evidence' " (People v Easley, 124 AD3d 1284, 1285 [4th Dept 2015], lv denied 25 NY3d 1200 [2015]).
Defendant further contends in his main brief that he was denied a fair trial because the Medical Examiner was permitted to testify that, in his opinion, the victim's death was a "homicide." That contention is not preserved for our review because the court provided a curative instruction that, in the absence of an objection or a motion for a mistrial, "must be deemed to have corrected the error to the defendant's satisfaction" (People v Heide, 84 NY2d 943, 944 [1994]; see People v Marvin, 162 AD3d 1744, 1745 [4th Dept 2018], lv denied 32 NY3d 1066 [2018]). In any event, although it was improper for the Medical Examiner to opine that the victim's death was a homicide (see People v Campanella, 100 AD3d 1420, 1421 [4th Dept 2012], lv denied 20 NY3d 1060 [2013]; cf. People v Every, 146 AD3d 1157, 1166 [3d Dept 2017], affd 29 NY3d 1103 [2017]), we conclude that any error in permitting the testimony is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to defendant's additional contention in his main brief, the sentence is not unduly harsh or severe.
Defendant further contends in his pro se supplemental brief that he was denied his Sixth Amendment right to counsel when the court allowed him to decide, against the professional judgment of his counsel, not to request a mistrial as the remedy for the Medical Examiner's improper testimony. We agree. "It is well established that a defendant, having accepted the assistance of counsel, retains authority only over certain fundamental decisions regarding the case' such as whether to plead guilty, waive a jury trial, testify in his or her own behalf or take an appeal' " (People v Colon, 90 NY2d 824, 825-826 [1997]; see People v Henley, 145 AD3d 1578, 1580 [4th Dept 2016], lv denied 29 NY3d 998 [2017], reconsideration denied 29 NY3d 1080 [2017]). Defense counsel has ultimate decision-making authority over matters of trial strategy, including the decision whether to request a mistrial (see People v Hogan, 26 NY3d 779, 786 [2016], citing People v Ferguson, 67 NY2d 383, 390 [1986]). Here, defense counsel explained to the court that he recommended that defendant move for a mistrial, but that defendant instructed him not to do so. The court then addressed defendant directly and confirmed that defendant wished to proceed with trial. Thus, the court " denied [defendant] the expert judgment of counsel to which the Sixth Amendment entitles him' " (Henley, 145 AD3d at 1581, quoting People v Colville, 20 NY3d 20, 32 [2012]). Nevertheless, we conclude that the error is harmless (see generally Crimmins, 36 NY2d at 237).
Insofar as defendant also contends in his pro se supplemental brief that he received ineffective assistance because counsel failed to object to the alleged instances of prosecutorial misconduct, his contention lacks merit because the prosecutor did not engage in any improprieties (see People v Eckerd, 161 AD3d 1508, 1509 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; cf. People v Reed, 163 AD3d 1446, 1448 [4th Dept 2018], lv denied 32 NY3d 1067 [2018]). Finally, we have considered defendant's remaining contentions in his pro se supplemental brief, and we conclude that none warrants reversal or modification of the judgment.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court