People v Bittles (2019 NY Slip Op 01990)





People v Bittles


2019 NY Slip Op 01990


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


1377 KA 14-00924

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SCOTT T. BITTLES, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, TREVETT CRISTO P.C. (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered May 9, 2014. The judgment convicted defendant, upon a nonjury verdict, of assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a nonjury verdict, of assault in the third degree (Penal Law § 120.00 [1]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish that his actions, and not the actions of his codefendant, caused physical injury to the victim. Defendant failed to preserve that contention for our review inasmuch as his motion for a trial order of dismissal was not " specifically directed' at the alleged error now raised on appeal" (People v Ford, 148 AD3d 1656, 1657 [4th Dept 2017], lv denied 29 NY3d 1079 [2017], quoting People v Gray, 86 NY2d 10, 19 [1995]; see People v Simmons, 133 AD3d 1227, 1227 [4th Dept 2015]). In any event, we conclude that the contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]), we conclude that " there is a[ ] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion . . . [which] as a matter of law satisf[ies] the proof and burden requirements for every element of the crime' " of which defendant was convicted (People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006], quoting Bleakley, 69 NY2d at 495). Here, the evidence establishes that defendant aided and shared a " community of purpose' " with the principal (People v La Belle, 18 NY2d 405, 412 [1966]; see Penal Law
§ 20.00; People v Scott, 25 NY3d 1107, 1110 [2015]) to intentionally cause physical injury to the victim (see § 120.00 [1]), who suffered such an injury, i.e., an "impairment of physical condition or substantial pain" (§ 10.00 [9]; see People v Chiddick, 8 NY3d 445, 447 [2007]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court