People v Williams (2020 NY Slip Op 00755)





People v Williams


2020 NY Slip Op 00755


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1131 KA 17-01993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASHUA WILLIAMS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 13, 2016. The judgment convicted defendant upon a nonjury verdict of murder in the second degree, criminal possession of a weapon in the second degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law
§ 125.25 [1]), endangering the welfare of a child (§ 260.10 [1]), and two counts of criminal possession of a weapon in the second degree
(§ 265.03 [1] [b]; [3]). We reject defendant's contention that the evidence is legally insufficient to establish his liability as an accessory with respect to those charges. "Accessorial liability requires only that defendant, acting with the mental culpability required for the commission of the crime[s], intentionally aid another in the conduct constituting the offense[s]" (People v Pizarro, 151 AD3d 1678, 1681 [4th Dept 2017], lv denied 29 NY3d 1132 [2017] [internal quotation marks omitted]; see § 20.00). Here, viewing the evidence in the light most favorable to the People (see People v Fox, 124 AD3d 1252, 1253 [4th Dept 2015]), the factfinder could have reasonably concluded that defendant and the man alleged by defendant to have shot the victim shared "a common purpose and a collective objective" (see People v Cabey, 85 NY2d 417, 422 [1995]), and that defendant "shared in the intention of" the shooter (People v Morris, 229 AD2d 451, 451 [2d Dept 1996], lv denied 88 NY2d 990 [1996]).
Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although an acquittal would not have been unreasonable, upon "weigh[ing] conflicting testimony, review[ing] any rational inferences that may be drawn from the evidence and evaluat[ing] the strength of such conclusions" (People v Courteau, 154 AD3d 1317, 1318 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]), we conclude that County Court did not fail to give the evidence the weight it should be accorded (see People v O'Neill, 169 AD3d 1515, 1515 [4th Dept 2019]; see generally Bleakley, 69 NY2d at 495). Contrary to defendant's contention, the trial testimony tending to establish his guilt was not incredible as a matter of law (see generally People v Washington, 160 AD3d 1451, 1452 [4th Dept 2018]; People v Moore [appeal No. 2], 78 AD3d 1658, 1659-1660 [4th Dept 2010]), and any inconsistencies in that testimony merely presented issues of credibility for the factfinder to resolve (see generally People v Withrow, 170 AD3d 1578, 1579 [4th Dept 2019], lv denied 34 NY3d 940 [2019], reconsideration denied 34 NY3d 1020 [2019]; People v Graves, 163 AD3d 16, 23 [4th Dept 2018]).
We also reject defendant's contention that he received ineffective assistance of counsel [*2]due to counsel's failure to adduce evidence at trial that one of the People's witnesses had received a specific promise of consideration in exchange for that witness' truthful testimony. At trial, however, that witness testified that he hoped his cooperation would be considered at his upcoming sentencing on an unrelated charge, and that no specific promise had been made to him. The record on appeal contains no evidence of any agreement beyond the general hope for leniency described by the witness at trial, and thus defendant has failed to "demonstrate the absence of strategic or other legitimate explanations for" defense counsel's failure to adduce additional proof of a specific agreement (People v Kurkowski, 117 AD3d 1442, 1443 [4th Dept 2014] [internal quotation marks omitted]).
Finally, the sentence is not unduly harsh or severe.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court