People v Lostumbo (2020 NY Slip Op 02403)





People v Lostumbo


2020 NY Slip Op 02403


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, WINSLOW, AND BANNISTER, JJ.


184 KA 15-01848

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STANLEY LOSTUMBO, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 27, 2015. The judgment convicted defendant upon a nonjury verdict of sexual abuse in the first degree, unlawful imprisonment in the second degree, intimidating a victim or witness in the third degree and criminal contempt in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury trial of sexual abuse in the first degree (Penal Law § 130.65 [1]), unlawful imprisonment in the second degree (§ 135.05), intimidating a victim or witness in the third degree (§ 215.15 [1]), and two counts of criminal contempt in the second degree (§ 215.50 [3]). We affirm.
We reject defendant's contention that Supreme Court erred in denying his motion to dismiss the indictment on the ground that the People did not provide him with reasonable notice of the grand jury proceedings pursuant to CPL 190.50 (5) (a) (see generally CPL 190.50 [5] [c]). "CPL 190.50 (5) (a) does not mandate a specific time period for notice; rather, reasonable time' must be accorded to allow a defendant an opportunity to consult with [defense] counsel and decide whether to testify before a [g]rand [j]ury" (People v Sawyer, 96 NY2d 815, 816 [2001], rearg denied 96 NY2d 928 [2001]; see People v Gelling, 163 AD3d 1489, 1491 [4th Dept 2018], amended on rearg on other grounds 164 AD3d 1673 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]). Here, the record establishes that the People orally gave defendant and his attorney approximately five days' notice that the matter would be presented to the grand jury, which constituted reasonable notice under these circumstances (see People v Ballard, 13 AD3d 670, 671 [3d Dept 2004], lv denied 4 NY3d 796 [2005]; People v Pugh, 207 AD2d 503, 503 [2d Dept 1994]). Additionally, the written notice provided by the People to defense counsel approximately 1½ days prior to the grand jury proceedings also provided defendant with a reasonable amount of time to consult with defense counsel and decide whether to testify at those proceedings (see Sawyer, 96 NY2d at 816-817; Gelling, 163 AD3d at 1491).
Defendant's contention that the evidence is legally insufficient to support his conviction of sexual abuse in the first degree, unlawful imprisonment in the second degree, and intimidating a victim or witness in the third degree is unpreserved because he did not renew his motion for a trial order of dismissal at the close of his case (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Morris, 126 AD3d 1370, 1371 [4th Dept 2015], lv denied 26 NY3d 932 [2015]). We further conclude that, viewing the evidence in light of the elements of those crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict convicting him of those crimes is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Nicholas, 130 AD3d 1314, 1315 [3d Dept 2015]). We reject defendant's contention that the victim's trial testimony was incredible as a matter of law due to her past drug use and failure to remember the specific date of [*2]one of the alleged incidents (see People v Saxe, 174 AD3d 958, 959-960 [3d Dept 2019]; People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; People v Barnes, 158 AD3d 1072, 1072 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). Her testimony merely "presented issues of credibility for the factfinder to resolve" (People v Williams, 179 AD3d 1502, 1503 [4th Dept 2020]), and we see no reason to disturb the court's credibility determinations here.
Defendant's contention that the court rendered its verdict based on improper legal criteria is unpreserved because he did not object to the court's alleged error or raise that contention in his CPL 330.30 motion (see CPL 470.05 [2]; People v Bridenbaker, 266 AD2d 875, 875 [4th Dept 1999], lv denied 94 NY2d 917 [2000]). Defendant's contention that he was deprived of a fair trial by instances of prosecutorial misconduct is also unpreserved because defendant did not object to any of those alleged instances at trial (see People v Simmons, 133 AD3d 1227, 1228 [4th Dept 2015]; People v Easley, 124 AD3d 1284, 1285 [4th Dept 2015], lv denied 25 NY3d 1200 [2015]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's further contention that he was deprived of effective assistance of counsel based on several acts or omissions on the part of defense counsel throughout the underlying proceedings. With respect to defendant's claim that defense counsel was ineffective for purportedly failing to facilitate defendant's testimony before the grand jury, defendant did not establish that he was prejudiced by that purported failure or that the outcome would have been different if he had testified (see People v Robinson, 151 AD3d 1701, 1701 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). To that end, we note that defendant did testify at trial and was nonetheless found guilty (see People v Hogan, 26 NY3d 779, 787 [2016]).
Additionally, defense counsel was not ineffective in failing to request a mistrial based on the admission of certain prejudicial phone calls between defendant and the victim. At a bench trial, the "court is presumed capable of disregarding the prejudicial aspect of the evidence" admitted therein (People v Tong Khuu, 293 AD2d 424, 425 [1st Dept 2002], lv denied 98 NY2d 714 [2002]), and here the court specifically disregarded the prejudicial parts of the calls and chastised the People for playing those parts of the calls. Moreover, defense counsel's failure to move for a mistrial based on admission of that evidence did not render him ineffective because such a motion would have had " little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see generally People v Alexander, 109 AD3d 1083, 1085 [4th Dept 2013]). Defense counsel was also not ineffective in failing to object to alleged hearsay testimony of the victim because any error caused by its introduction—which the court is presumed to have disregarded—was harmless (see People v Pabon, 126 AD3d 1447, 1448 [4th Dept 2015], affd 28 NY3d 147 [2016]).
Defendant further contends that defense counsel was ineffective in failing to obtain deleted text messages between defendant and the victim. We reject that contention because the text messages were of minimal "exculpatory value" (People v Mitchell, 34 AD3d 358, 359 [1st Dept 2006], lv denied 8 NY3d 988 [2007]). Moreover, to the extent that those messages could have been used during cross-examination to impeach the victim regarding her potential motives to fabricate accusations against defendant, defense counsel was able to elicit information concerning those motives even without the text messages. Therefore, defendant was not prejudiced by defense counsel's failure to obtain those messages at trial (see People v Castleberry, 265 AD2d 921, 921-922 [4th Dept 1999], lv denied 94 NY2d 902 [2000]).
With respect to defendant's final claim concerning ineffective assistance of counsel, we conclude that he was not denied effective assistance due to defense counsel's failure to preserve defendant's challenge to the legal sufficiency of the evidence inasmuch as that "challenge[] would not have been meritorious" (People v Person, 153 AD3d 1561, 1563-1564 [4th Dept 2017], lv denied 30 NY3d 1118 [2018]).
We further reject defendant's contention that the court erred in denying his CPL 330.30 motion to set aside the verdict on the ground of newly discovered evidence. The relevant evidence—i.e., deleted text messages between defendant and the victim—was not newly discovered evidence inasmuch as defendant knew about those messages prior to trial, and there was no evidence that defendant was unable to produce the messages "at the trial even with due [*3]diligence on his part" (CPL 330.30 [3]; see People v Brown, 104 AD3d 1203, 1204 [4th Dept 2013], lv denied 21 NY3d 1014 [2013]; cf. People v Bailey, 144 AD3d 1562, 1564 [4th Dept 2016]). Moreover, we conclude that the text messages could be used merely to impeach or contradict the victim's testimony, and defendant failed to establish that admission of those messages would have created the probability of a more favorable verdict (see Brown, 104 AD3d at 1204; see generally CPL 330.30 [3]; People v Salemi, 309 NY 208, 215-216 [1955], cert denied 350 US 950 [1956]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court