People v Sampson (2020 NY Slip Op 03323)





People v Sampson


2020 NY Slip Op 03323


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


472 KA 17-00073

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD L. SAMPSON, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 6, 2016. The judgment convicted defendant upon a jury verdict of driving while intoxicated, a class D felony, and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated as a class D felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). Defendant contends that County Court erred in determining that the testimony of a State Trooper regarding statements made by the other occupants of the vehicle was admissible in evidence under the present sense impression and excited utterance exceptions to the rule against hearsay. Specifically, when the Trooper first approached the window of the vehicle, about 20 seconds after pulling it over, he observed defendant attempting to settle himself between two occupants of the vehicle who were sitting in the back seat, and the Trooper heard the other occupants of the vehicle spontaneously state, among other things, that defendant was the driver of the vehicle. Under those circumstances, the court properly admitted in evidence the spontaneous statements of the other occupants of the vehicle as excited utterances (see People v Hernandez, 28 NY3d 1056, 1057 [2016]). The court also properly admitted those statements as present sense impressions, inasmuch as the statements described an unfolding situation and were independently verified by the Trooper's own observations (see People v Eves, 28 AD3d 1231, 1231 [4th Dept 2006], lv denied 7 NY3d 755 [2006]; see generally People v Vasquez, 88 NY2d 561, 574 [1996]). Defendant also contends that the admission in evidence of those statements violated his right to confront witnesses against him. We reject that contention because the spontaneous statements of the other occupants were not testimonial in nature (see generally People v Garcia, 25 NY3d 77, 85 [2015]).
We reject defendant's contention that his conviction of driving while intoxicated is not supported by legally sufficient evidence with respect to the element of operation of a motor vehicle, inasmuch as "there is a valid line of reasoning and permissible inferences from which a rational jury could have found [that] element[] of the crime proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Courteau, 154 AD3d 1317, 1318 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]).
We also reject defendant's contention that the court improperly aided the prosecution during an evidentiary hearing by asking additional questions of the testifying State Trooper. The [*2]court did not take on " either the function or appearance of an advocate' " (People v Pham, 178 AD3d 1438, 1439 [4th Dept 2019]) and instead merely sought to " clarify [the Trooper's] testimony and to facilitate the progress of the [hearing] and to elicit relevant and important facts' " (id. at 1438).
Contrary to defendant's further contention, defense counsel was not ineffective for failing to object to the testimony of the Trooper regarding statements made by defendant on the ground that defendant's statements were hearsay. Certain of those statements were not admitted for their truth, and thus were not hearsay (see generally People v Patterson, 28 NY3d 544, 551-552 [2016]), the remaining statements of defendant were admissible as declarations against defendant's interest (see People v Soto, 26 NY3d 455, 457 [2015]), and defense counsel's performance was not rendered ineffective by an alleged failure to " make an objection or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]). Defendant further contends that defense counsel was ineffective for failing to object to the Trooper's testimony when the Trooper read aloud a portion of defendant's chemical test refusal form. Defense counsel, however, initially objected to the admission in evidence
of the chemical test refusal form, and defendant failed " to demonstrate the absence of strategic or other legitimate explanations' " for defense counsel's failure to make additional objections to that part of the Trooper's testimony (People v Benevento, 91 NY2d 708, 712-713 [1998]). Lastly, the sentence is not unduly harsh or severe.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court