People v Grant (2020 NY Slip Op 07772)





People v Grant


2020 NY Slip Op 07772


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


864 KA 16-01157

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOUGLAS GRANT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered June 9, 2016. The judgment convicted defendant upon a jury verdict of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of grand larceny in the fourth degree (Penal Law
§ 155.30 [1]). We affirm.
Defendant's contention that the evidence is legally insufficient to establish the value of the gold and silver bullion coins that he allegedly stole is not preserved for our review (see People v Gray, 86 NY2d 10, 19 [1995]; People v McClusky, 12 AD3d 1174, 1175 [4th Dept 2004], lv denied 4 NY3d 765 [2005]). We further reject defendant's contention that defense counsel was ineffective for failing to preserve that contention because it had little or no chance of success (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Sampson, 184 AD3d 1123, 1125 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]).
Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Lostumbo, 182 AD3d 1007, 1008 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]). Here, although a different verdict would not have been unreasonable, on this record we cannot conclude that the jury " 'failed to give the evidence the weight it should be
accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Specifically, there was ample evidence at trial for the jury to reasonably conclude that defendant stole the coins from the victim. The testimony established that defendant had a key to the victim's home and knew where the stolen coins were kept, and the victim testified that the coins were missing from her home. There was also testimony from the proprietor and employees of a pawn shop that defendant sold coins similar to those belonging to the victim to the pawn shop. A police officer testified that defendant admitted that he sold coins to the pawn shop and, although defendant told the officer that the coins had been given to him by his mother, defendant's sister testified that their mother did not have a coin collection, which undercut his explanation of the coins' provenance.
Defendant also contends that the jury's verdict with respect to the value of the stolen coins is against the weight of the evidence. We reject that contention. Grand larceny in the fourth degree requires that the value of the stolen property exceed $1,000 (see Penal Law § 155.30 [1]). The element of value is defined as the "market value of the property at the time and [*2]place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime" (§ 155.20 [1]; see People v Sheehy, 274 AD2d 844, 845 [3d Dept 2000], lv denied 95 NY2d 938 [2000]). The People were not required to provide expert testimony establishing the value of the stolen property and, here, the People established the value of the coins by providing the testimony of a lay witness who had knowledge of and familiarity with the coins and their value (see Sheehy, 274 AD2d at 845; People v Joy, 107 AD2d 938, 938 [3d Dept 1985]; cf. People v Cruz, 130 AD3d 1538, 1539 [4th Dept 2015], lv denied 26 NY3d 1008 [2015]). The relevant witness testimony about the value of the coins was neither conclusory nor a "rough estimate[]" (People v Loomis, 56 AD3d 1046, 1047 [3d Dept 2008]).
Defendant's contention that the prosecutor's comments on summation constructively amended the indictment and thereby improperly changed the theory of the prosecution is not preserved for our review (see People v Cullen, 110 AD3d 1474, 1475 [4th Dept 2013], affd 24 NY3d 1014 [2014]; People v Rivera, 133 AD3d 1255, 1256 [4th Dept 2015], lv denied 27 NY3d 1154 [2016]; People v Osborne, 63 AD3d 1707, 1708 [4th Dept 2009], lv denied 13 NY3d 748 [2009]), and we decline to exercise our power to review the issue as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, we conclude that County Court's finding with respect to the amount of restitution is supported by the requisite preponderance of the evidence presented at the restitution hearing (see CPL 400.30 [4]). The court properly determined the value of the stolen coins based on, inter alia, estimates from the two largest coin retailers in the nation, and the parties' stipulation to determine the value of the coins by using the cost of replacement on a specific date (see generally People v Jones, 155 AD3d 1111, 1115 [3d Dept 2017], lv denied 31 NY3d 984 [2018]; People v Davis, 114 AD3d 1287, 1288 [4th Dept 2014]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court