People v Russell (2021 NY Slip Op 02924)





People v Russell


2021 NY Slip Op 02924


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


407 KA 20-00077

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNNY Q. RUSSELL, DEFENDANT-APPELLANT. 






KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), rendered August 28, 2019. The judgment convicted defendant, after a nonjury trial, of criminal contempt in the second degree and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a bench trial, of criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (§ 240.26 [1]), arising out of an incident in which defendant raised his fist toward his ex-girlfriend in violation of an order of protection requiring him to stay away from her. We affirm.
Defendant's contention that the evidence is legally insufficient to support his conviction is unpreserved because his motion for a trial order of dismissal was not " 'specifically directed' at the error being urged" on appeal (People v Hawkins, 11 NY3d 484, 492 [2008]; see People v Gray, 86 NY2d 10, 19 [1995]; People v Sanders, 171 AD3d 1460, 1461 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]).
We further conclude that, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). On the record before us, the testimony adduced at trial, and any inconsistencies contained therein, merely "presented issues of credibility for the factfinder to resolve" (People v Williams, 179 AD3d 1502, 1503 [4th Dept 2020], lv denied 35 NY3d 995 [2020]; see People v Withrow, 170 AD3d 1578, 1579 [4th Dept 2019], lv denied 34 NY3d 940 [2019], reconsideration denied 34 NY3d 1020 [2019]), and we see no reason to disturb Supreme Court's credibility determinations here.
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court