People v Abergut (2022 NY Slip Op 00791)





People v Abergut


2022 NY Slip Op 00791


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1126 KA 17-01410

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MAJIER ABERGUT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






BRADLEY E. KEEM, SYRACUSE, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered March 6, 2017. The judgment convicted defendant, upon a nonjury verdict, of assault in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count two of the indictment, and as modified the judgment is affirmed and the matter is remitted to Onondaga County Court for resentencing on that count.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, after a nonjury trial, of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), arising from an incident during which he stabbed another man. In appeal No. 2, defendant appeals by permission of this Court from an order denying his motion pursuant to CPL 440.10 to vacate the judgment in appeal No. 1.
We reject defendant's contention in appeal No. 1 that County Court (Hafner, A.J.) erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30 [1] [a]). Although defendant met his initial burden "of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]), we conclude that the People met their burden of demonstrating "sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]). Contrary to defendant's contention, the court properly declined to charge the People with any period of time between the suppression hearing on April 11, 2016, and the People's temporary withdrawal of their statement of readiness on August 3, 2016, inasmuch as the People's withdrawal of their statement of readiness in this case did not render their original statement illusory (see People v Camillo, 279 AD2d 326, 326 [1st Dept 2001]; see generally People v Pratt, 186 AD3d 1055, 1056 [4th Dept 2020], lv denied 36 NY3d 975 [2020]). We likewise reject defendant's challenge to the period between September 9, 2016, when the People re-announced their readiness, and October 31, 2016, the court's proposed trial date. The period between September 9, 2016, and September 26, 2016, is not chargeable to the People because the court was entertaining defendant's speedy trial motion during that time (see People v Lacey, 260 AD2d 309, 311 [1st Dept 1999], lv denied 93 NY2d 1003 [1999]; see generally CPL 30.30 [4] [a]). Further, the record reflects that the delay during the period challenged by defendant was also the result of the court's schedule, and "postreadiness delay attributable to the court is not charged to the People" (People v Brown, 28 NY3d 392, 404 [2016] [internal quotation marks omitted]; see People v Brothers, 50 NY2d 413, 417 [1980]). Defendant failed to preserve for our review his contentions that the People are responsible for a delay in providing the grand jury minutes and for a delay from October 31, 2016, the court's first proposed trial date, to January 9, 2017, the date the trial ultimately began (see People v Edmead, 197 AD3d 937, 939-940 [4th Dept 2021], lv denied 37 NY3d 1096 [2021]).
Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in appeal No. 1 that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although an acquittal would not have been unreasonable, upon "weigh[ing] conflicting testimony, review[ing] any rational inferences that may be drawn from the evidence and evaluat[ing] the strength of such conclusions" (People v Courteau, 154 AD3d 1317, 1318 [4th Dept 2017], lv denied 30 NY3d 1104 [2018] [internal quotation marks omitted]), we cannot conclude that the court failed to give the evidence the weight it should be accorded (see People v O'Neill, 169 AD3d 1515, 1515 [4th Dept 2019]).
Contrary to defendant's contention in appeal No. 1, his sentence on the count of assault in the first degree is not unduly harsh and severe. As the People correctly concede, however, the sentence originally imposed on the count of criminal possession of a weapon in the third degree was illegal and the court erred in attempting to correct it without formally resentencing defendant at a proceeding at which he was present or securing defendant's waiver of the right to be present at such a proceeding (see generally People v Estremera, 30 NY3d 268, 274 [2017]; People v Perkins, 162 AD3d 1641, 1642 [4th Dept 2018]). We therefore modify the judgment by vacating the sentence imposed on count two of the indictment, and we remit the matter to County Court for resentencing on that count, at which time defendant must be permitted to appear.
Insofar as it is reviewable on direct appeal, we have considered the claim of ineffective assistance of counsel set forth by defendant in appeal No. 1 and, viewing the evidence, the law, and the circumstances in totality and as of the time of representation, we conclude that he received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
In appeal No. 2, we reject defendant's contention that County Court (Doran, J.) erred in denying his motion pursuant to CPL 440.10 without a hearing (see generally People v Witkop, 114 AD3d 1242, 1243 [4th Dept 2014], lv denied 23 NY3d 1069 [2014]). Inasmuch as a plea offer involving only misdemeanors was not authorized under the circumstances of this case (see generally CPL 220.10 [5] [d] [ii]; People v Wheeler, 159 AD3d 1425, 1425 [4th Dept 2018], lv denied 31 NY3d 1123 [2018]), defendant's contention that counsel was ineffective either in failing to secure for defendant a plea to misdemeanors that would not render him subject to mandatory deportation or in overstating the deportation consequences of a misdemeanor plea purportedly offered by the People is without merit (see Wheeler, 159 AD3d at 1425).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court