People v Hendricks (2023 NY Slip Op 01633)

People v Hendricks

2023 NY Slip Op 01633

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

978 KA 18-01959

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWAYNE C. HENDRICKS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered July 6, 2018. The judgment convicted defendant upon a jury verdict of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law
§ 160.15 [3]). Defendant contends that County Court erred in admitting certain of his statements in evidence inasmuch as those statements were hearsay and did not qualify as admissions because they were exculpatory in nature. That contention is unpreserved for our review (see CPL 470.05 [2]) and, in any event, is without merit. Even assuming, arguendo, that the statements constituted hearsay, we conclude that they were properly admitted as "inconsistent with innocence" (People v Ward, 107 AD3d 1605, 1605 [4th Dept 2013], lv denied 21 NY3d 1078 [2013] [internal quotation marks omitted]), "inconsistent with [defendant's] position on trial" (People v Jackson, 29 AD3d 409, 412 [1st Dept 2006], affd 8 NY3d 859 [2007] [internal quotation marks omitted]), and as "evidence that defendant has given a false alibi" (People v Thomas, 300 AD2d 1034, 1035 [4th Dept 2002], lv denied 99 NY2d 633 [2003]; see People v Leyra, 1 NY2d 199, 208 [1956]; see also People v Ficarrota, 91 NY2d 244, 250 [1997]). Inasmuch as the statements were properly admissible, we reject defendant's related contention that defense counsel was ineffective in failing to object to them (see People v Sampson, 184 AD3d 1123, 1125 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]).
With respect to defendant's remaining claims of ineffective assistance of counsel, defendant has failed to establish "the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]; see People v Jones, 155 AD3d 1547, 1549 [4th Dept 2017], amended on rearg 156 AD3d 1493 [4th Dept 2017], lv denied 32 NY3d 1205 [2019]; People v Loret, 56 AD3d 1283, 1283 [4th Dept 2008], lv denied 11 NY3d 927 [2009]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of representation, we conclude that defense counsel provided defendant with meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
To the extent that defendant contends that he was penalized for exercising his right to a trial, that contention is not preserved for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Fudge, 104 AD3d 1169, 1170 [4th Dept 2013], lv denied 21 NY3d 1042 [2013]). Defendant's sentence is not unduly harsh or severe.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court